J. F. LOUGHBOROUGH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8746. Promulgated January 28, 1928.

*E. W. R. Ewing, Esq.*, for the petitioner.
*Maxwell E. McDowell, Esq.*, for the respondent.

366

[redacted]

**OPINION.**

GREEN: We have set out in the findings all the facts necessary to recompute the deficiencies for both years. The basis for such findings consisted of an accountant's audit report as to income and expenses and an engineer's valuation report as to the amount of depletion allowable, together with certain depositions, which were offered in evidence by the petitioner and admitted without objection from the respondent.

The major issue in the case was the question of depletion for 1922. The respondent in his deficiency letter did not allow M. B. Sanders, Trustee, any depletion deduction, on the ground that the various agreements with Woodley Drilling Co., Harrell & Hatcher, and the

Fullilove Drilling Co., Inc., were in fact sales to those persons of all the trustee's rights in the Burns' lease, and having disposed of all its rights in the lease there remained no interest upon which depletion could be allowed. At the hearing, however, the respondent withdrew from this contention with respect to the 80 acres operated by the Woodley Drilling Co. until July 1, 1922, and Harrell & Hatcher during the entire year 1922, and conceded that the trustee was entitled to depletion on the production from such 80 acres in the respective amounts of $11,541.95 and $13,605.60. He offered no evidence as to how he arrived at these amounts and in the absence thereof we have accepted the proof given by the petitioner with one exception, namely, we have allowed depletion on the 40 acres operated by the Woodley Drilling Co. only on the production from January 1 to July 1, 1922, for the reason that we agree with the respondent that the agreement of July 29, 1922, between the trustee and the Woodley Drilling Co., set out in the findings, constituted a sale of the trustee's interest in such 40 acres as of July 1, 1922. The respondent has also conceded that only the amounts received on account of this sale in 1922 in excess of cost are taxable income for 1922. The record shows that the entire cost was returned in 1921 in computing the profit on the sale of the trustee's rights to the 400 acres. The entire amount received in 1922 as a part of the purchase price, which we have found was at least $21,790.56, constitutes taxable income of the trustee for that year. Cf. *Appeal of Anna Taylor*, 3 B. T. A. 1201.

Addressing ourselves to the agreement of December 16, 1921, between the trustee and the Fullilove Drilling Co., Inc., we agree with the petitioner that under that agreement the trustee did not part with all of his interest in the 40 acres there involved. Although legal title was to pass to the Fullilove Drilling Co., Inc., as soon as the latter had paid the trustee $250,000, out of one-half of seven-eighths of all the oil produced and saved, it passed with the condition that as soon as 400,000 barrels had been produced, the trustee was to receive as an excess royalty one-fourth of seven-eighths of all the oil produced thereafter for as long as production continued. The effect of the agreement was merely to change the basis of the over-riding royalty due the trustee from one-half to seven-eighths to one-fourth of seven-eighths of all the oil produced. Under such circumstances we are of the opinion that the Trustee is entitled to a depletion deduction on his interest retained in accordance with section 214(a)(10) of the Revenue Act of 1921. In accordance with the evidence we find this deduction to be $29,119.19 for the year 1922. The petitioner's one-eighth interest in the net income of M. B. Sanders, Trustee, for the year 1922 is, therefore, $4,289.42, instead of $10,842.30

determined by the respondent. The amount of $4,289.42 is arrived at as follows:

Gross income of trustee:

| | | |
|---|---|---|
| Income from oil sales and interest | | $77,325.20 |
| Income from sale of lease rights | | 21,790.56 |
| Total | | 99,115.76 |

Less deductions of trustee:

| | | |
|---|---|---|
| Expenses | $10,866.04 | |
| Depletion (Woodley Drilling Co.) | 11,696.07 | |
| Depletion (Harrell & Hatcher) | 13,119.10 | |
| Depletion (Fullilove Drilling Co.) | 29,119.19 | |
| Total deductions | | 64,800.40 |

| | |
|---|---|
| Net income of trustee for 1922 | 34,315.36 |
| Petitioner's one-eighth share | 4,289.42 |

*Judgment will be entered on 15 days' notice, under Rule 50.*